**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ALFRED MILLER CONTRACTING COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**CARBOLINE COMPANY, AND DOES 1 – 5,**<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGMENT**<br><br>**(JURY TRIAL DEMANDED)** |

## COMPLAINT

Plaintiff, Alfred Miller Contracting Company ("Plaintiff") by and through its undersigned counsel, hereby files its Complaint against Carboline Company ("Carboline") and John Does 1 through 5 (collectively, "Defendants"). For its Complaint, Plaintiff states as follows:

## PARTIES

1. Plaintiff, Alfred Miller Contracting Company, is a Louisiana corporation, with its principle place of business at 1177 L. Miller Road, Lake Charles, LA 70605.

2. Defendant, Carboline Company, is a Delaware corporation with a regular place of business at 900 Opelousas, Lake Charles, LA 70602. On information and belief, Defendant may be served via its registered agent: The Prentice-Hall Corporation System, Inc., 501 Louisiana Ave., Baton Rouge, LA 70802.

3. Plaintiff is unaware of the true names and capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 5, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Plaintiff

therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this district under 28 U.S.C. §1400(b). Defendant Carboline maintains regular places of business in this Judicial District.

3. This Court has specific and general jurisdiction over Defendants, as Defendants do business within this Judicial District.

4. Joinder is proper under 35 U.S.C. § 299(a). Plaintiff's claims against Defendants arise with respect to or out of the same transaction, occurrence, or series of occurrences related to the making, using, importing into the United States, offering for sale, or selling the same accused product or processes, and questions of common fact with respect to all Defendants will arise in this action. Carboline is the exclusive distributor for the infringing products. Defendants John Does 1 – 5 are direct market competitors of Plaintiff and use the infringing products purchased from Carboline.

## FACTUAL ALLEGATIONS

5. Founded in 1947, Plaintiff is an applicator of fireproofing products for steel structures, among other things.

6. On September 22, 2015, the United States Patent and Trademark Office (USPTO) duly and legally issued the U.S. Patent No. 9,140,005 (the "005 Patent"), entitled "Self-Aligning Corner Bead for Fireproofing Structural Steel Member and Method of Using Same" after a full and fair examination.

7. Plaintiff is presently the owner of the '005 Patent, having received all right, title and interest in and to the '005 Patent. Plaintiff possesses all rights of recovery under the '005 Patent, including the exclusive right to recover for past infringement.

8. Plaintiff uses the invention of the '005 patent in its fireproof materials products and has done so since October 19, 2012.

9. Plaintiff's fireproofing materials products are in demand as they allow for quick and easy installation of fireproofing material on steel structures without the need for the installer to engage in the time-consuming process of aligning the fireproofing bead, and facilitate achieving a uniform depth.

10. Plaintiff's products are the only products which provide the benefits of uniform application of fireproofing material to corners of structural steel in a quick and accurate manner. No other non-infringing product on the market is an acceptable substitute.

11. Plaintiff is one of the largest installer of fireproofing material in the United States, operating nationwide and having the capability to meet the demand for its fireproofing products.

12. The '005 patent is valid and enforceable.

13. To the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

14. Since at least 2017, Carboline has been the exclusive distributor for Plastic Nosed Fireproofing FormAid products (the "Accused Instrumentality").

15. Carboline sells the Accused Instrumentality to its customers, John Does 1 through 5, who are direct competitors of Plaintiff, for use in applying fireproofing materials.

16. On information and belief, John Does 1 through 5 use the Accused Instrumentality in their business.

17. The Accused Instrumentality is a deliberate copy of the invention of the '005 Patent.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,140,005

18. Defendants, directly or through intermediaries, make, use, sell, and/or offer for sale the Accused Instrumentality which infringe claims 1, 3, 4, 6, 7, 9, 13, 14, 16, 17, 18 and 19 the '005 Patent. *See* Exhibit B, Figs. 1-8

19. Defendant Carboline has been and is now infringing Claims 1, 3, 4, 6, 7, and 9 of the '005 Patent in the State of Louisiana, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, selling, and/or offering for sale the Accused Instrumentality, to the injury of Plaintiff.  Defendant is directly infringing, and/or infringing the '005 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '005 Patent pursuant to 35 U.S.C. § 271(a).

20. Defendants John Does 1-5 infringe claims 1, 3, 4, 6, 7, 9, 13, 14, 16, 17, 18 and 19 of the '005 Patent by using the Accused Instrumentality.  *See* Exhibit B, Figs. 1-8. Defendants John Does 1-5 are thus liable for infringement of the '005 Patent pursuant to 35 U.S.C. § 271(a).

21. The Accused Instrumentality infringes claim 1 of the '005 Patent.  It is a self-aligning corner bead for fireproofing a structural steel member along two adjoining surfaces, said corner bead comprising: a strip of welded wire fabric having a pre-determined width and being longitudinally aligned with said structural steel member, said strip being bent along its longitudinal axis thereby defining a first wing and a second wing, each wing forming an angle between approximately 90 degrees and 180 degrees (*i.e.*, the Accused Instrumentality includes a strip of welded wire fabric of predetermined width which is bent along its axis with a first and

second wing forming an angle of between 90 and 180 degrees); wherein the strip is only fastened to the structural steel member at one or more fastening positions of the first wing (*i.e.*, only the first wing is fastened); wherein an outer edge of said second wing comprises a substrate positioned along said outer edge, said substrate operable to receive a fireproofing material (*i.e.*, it includes a plastic nose on the outer edge for receiving fireproofing material; wherein said corner bead terminates at the outer edge of said second wing, said second wing being substantially planar (*e.g.*, the plastic nose terminates at the edge of the second wing, and the second wing is planar); and wherein a second width of said second wing and said angle formed between the wings determine a uniform thickness of the fireproofing material of said structural steel member (*i.e.*, by modifying the angle of the second wing, the uniform thickness of the fireproofing material is determined). *See* Ex. B, Figs. 1-8.

22.     The Accused Instrumentality infringes claim 3 of the '005 Patent. It includes all the limitations of claim 1, and furthermore, wherein said first wing has a first width, and wherein a nose is formed on a tip of the outer edge of said second wing (*i.e.*, a plastic nose is formed on the tip of the outer edge of the second wing). *See* Ex. B., Figs. 1-8.

23.     The Accused Instrumentality infringes claim 4 of the '005 Patent. It meets the limitations of claim 3, and further, wherein said first wing is attached to said structural material through a lath, said lath being disposed over said structural steel member (*i.e.*, the Accused Instrumentality is installed over a lath). *See* Ex. B., Figs. 1-8.

24.     The Accused Instrumentality infringes claim 6 of the '005 Patent. It includes a longitudinal axis which is a middle axis. *See* Ex. B, Figs. 1-8.

25.     The Accused Instrumentality infringes claim 7 of the '005 Patent. It includes a first and second wing composed of a flexible mesh strip. *See* Ex. B, Figs. 1-8.

26. The Accused Instrumentality infringes claim 9 of the '005 Patent. It includes an angle between the first and second wing which is adjustable. *See* Ex. B, Figs. 1-8.

27. Defendant's John Does 1-5 infringe the method of claim 13. John Does 1-5 perform a method of fireproofing a steel structure along two surfaces using the Accused Instrumentality. John Does 1-5 assemble a length of corner bead comprising a strip of welded wire fabric (*e.g.*, they assemble the Accused Instrumentality which includes a welded wire fabric of pre-determined length); bend the Accused Instrumentality horizontally to form an axis between 90 to 180 degrees to form a first and second wing, the second wing having an outer edge for receiving fireproof material; said corner bead terminating at the outer edge of said second wing, said second wing being substantially planar; attaching the strip to the structural steel member only at one or more fastening positions of said first wing; and apply the fireproofing material onto a lath disposed on each said two or more surfaces to form a corner of said structural steel member. *See* Ex. B, Figs. 1-8.

28. Defendants John Does 1-5 infringe claim 14 of the '005 Patent. They form a second wing having a second width and a nose formed on the substrate, said second width gauged to a desired thickness of said fireproofing material, and wherein either or both of the first and second wings comprise a flexible mesh strip. *See* Ex. B, Figs. 1-8.

29. Defendants John Does 1-5 infringe claim 16 of the '005 Patent. The use a plurality of the Accused Instrumentality to fireproof a steel structure by installing the Accused Instrumentality on a structural steel member, the plurality of Accused Instrumentalities having a self-aligning corner beads, each corner bead comprising a strip of welded wire fabric having a pre-determined width and being longitudinally aligned with said structural steel member, said strip being bent along its longitudinal axis, said longitudinal axis defining a first wing and a

Case 2:17-cv-00988-UDJ-KK   Document 1   Filed 08/03/17   Page 7 of 9 PageID #: 7

second wing, each wing forming an angle of between approximately 90 degrees and 180 degrees. John Does 1-5 fasten the strip to the steel member at one or more fastening positions only on the first wing; the outer edge of the second wing comprising comprises a substrate positioned along said outer edge said substrate operable to receive a fireproofing material.  The installed plurality of accused instrumentalities terminating at the outer edge of said second wing, said second wing being substantially planar and a second width of said second wing and said angle between formed between the wings determine a desired uniform thickness of the fireproofing material for said structural steel member.  *See* Ex. B, Figs. 1-8.

30.   Defendants John Does 1-5 infringe claim 17 of the '005 Patent.  The install the Accused Instrumentality and fireproofing material so that it envelopes the structural steel member.  *See* Ex. B, Figs. 1-8.

31.   Defendants John Does 1-5 infringe claim 18 of the '005 Patent.  They install the Accused Instrumentality using a lath which is disposed around the structural steel member.  *See* Ex. B, Figs. 1-8.

32.   Defendants John Does 1-5 infringe claim 19 of the '005 Patent.  They install the Accused Instrumentalities using one more fasteners at the one or more fastening positions between said lath and said first wing, said fasteners operatively coupling said lath and first wing to each other.  *See* Ex. B, Figs. 1-8.

33.   As a result of Defendants' infringement of the '005 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty and/or lost profits to which Plaintiff would have been entitled but for the use made of the invention by Defendants,

together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

34.    Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '005 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.    A judgment in favor of Plaintiff that Defendants have infringed the '005 Patent;

2.    A preliminary injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '005 Patent;

3.    A permanent injunction enjoining Defendants and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '005 Patent, or such other equitable relief the Court determines is warranted;

4.    A judgment and order requiring Defendants pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '005 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

5.    Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

        Respectfully submitted,
        **NORMAN BUSINESS LAW CENTER, LLC**

    BY:  /s/Merrick J. Norman    
        MERRICK J. NORMAN, #10044
        JOSEPH P. NORMAN, # 36608
        145 East Street
        Lake Charles, LA  70601
        Telephone:  (337) 436-7787
        Facsimile:   (337) 436-7758